UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  CV 15-09695-R (KS)                                                             Date: December 28, 2015

Title   *Monsivais v. Fox*

Present: The Honorable:    Karen L. Stevenson, United States Magistrate Judge

| Roxanne Horan-Walker | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL WITH PREJDUICE**

On December 17, 2015, Petitioner, a federal prisoner proceeding *pro se*, filed a Petition For Writ Of Habeas Corpus By A Person In Federal Custody ("Petition") challenging the manner and execution of his sentence pursuant to 28 U.S.C. § 2241. (ECF 1.) Petitioner asserts that the Petition "challenges the manner and execution of his sentence imposed by a federal court." (Memorandum at 1.)[1] On review, the Petition, in fact, raises a single ground for relief: that Petitioner's constitutional due process rights were violated when, in response to Petitioner's request, Respondent did not recommend to the federal Bureau of Prisons ("BOP") that a petition be filed on Petitioner's behalf pursuant to 18 U.S.C. § 3582 (c) (1) (A) (i), for compassionate release or a sentence reduction.[2]

Petitioner alleges that he was deprived of his constitutional rights because the BOP misinterpreted 18 U.S.C. §3582 (c)(1)(A)(i) as limiting compassionate release/reduction of sentence only to medical, circumstances, elderly inmates, or the death or incapacitation of a family member care giver or spouse and refused to seek compassionate release/reduction of sentence for Petitioner, based on his creation of institutional programs during the last three years in prison. (ECF 2 at 2.) The Petition must be dismissed for lack of jurisdiction and for failure to state a cognizable claim for habeas relief.

---

[1] Petitioner attached a "Memorandum in Support of Motion Challenging The Manner and Execution of Sentence Pursuant to 28 U.S.C. § 2241 By Person In Federal Custody," submitted in support of the Petition.
[2] The Petition also asserts a mandamus request and a request for a declaratory judgment, which are addressed separately, in turn. (ECF 2 at 4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV 15-09695-R (KS)                                                                          Date: December 28, 2015

Title        *Monsivais v. Fox*

First, the BOP's "decision concerning whether to file a motion to reduce a petitioner's sentence is not judicially reviewable" because Congress gave the BOP absolute discretion to move for an inmate's early release, thus expressing an intent to preclude judicial review. *Maestro v. Ives*, 2014 U.S. Dist. LEXIS 161149, at *6 (C.D. Cal. Oct. 7, 2014) (citing *Simmons v. Christensen*, 894 F.2d 1041, 1043 (9th Cir. 1990) (finding that the BOP's decisions under 18 U.S.C. § 4205(g)--which was incorporated into § 3582(c)(1)(A)--are not judicially reviewable); *see also Turner v. U.S. Parole Comm'n*, 810 F.2d 612, 614-18 (7th Cir. 1987) (rejecting claim that the Administrative Procedures Act permitted review of BOP's discretionary decision).[3]

Second, even if the BOP's decision was reviewable, "a constitutional right [does not] attach to the mere possibility of conditional liberty." *Simmons*, 894 F.2d at 1043 (citations omitted). Therefore, the BOP's refusal to file a request for compassionate release/reduction of sentence on behalf of Petitioner, does not deprive him of any constitutional rights. Accordingly, the Petition must be dismissed for lack of jurisdiction and for failure to state a claim on which habeas relief can be granted.

The Petition is also defective on its face insofar as it seeks remedies that are outside this Court's jurisdiction. The Petition asserts that this Court has authority to issue a writ of mandamus under 28 USC § 1361,[4] "in order to compel the Respondent in his official capacity to perform the duty owed to [Petitioner]," or alternatively to "issue a Declaratory Judgment, holding that the BOP's Program Statement 5050.49 is [incongruent with] . . . 18 U.S.C. §3582 (c) (1) (A) (i)". (ECF 2 at 4). Neither assertion has merit.

With respect to a writ of mandamus, Petitioner asks the court to compel the BOP to "proper[ly] and complete[ly] consider[ ] his request for a petition for Compassionate

---

[3] Notably, the Ninth Circuit has distinguished between habeas cases where a petitioner "alleges only that the BOP erred in his particular case," and cases where petitioners "allege that the BOP action is contrary to its . . . statutory authority." *Close v. Thomas*, 653 F.3d 970, 974 (9th Cir. 2011) (holding, in a case involving discretionary granting of early release for inmates who successfully completed a drug abuse treatment program, that the court retains jurisdiction to review the BOP's actions only where the petition implicates non-individualized BOP action that is contrary to statutory authority). However, where, as here, a petitioner challenges an individualized determination, the petition is outside the Court's jurisdiction. *Id.*

[4] The Court notes that the writ has been abolished by Rule 81(b) of the Federal Rules of Civil Procedure; the authority to issue extraordinary writes derives from the All Writ Statute. *See* Fed. R. Civ. P. Rule 81(b) and 28 U.S.C. § 1651.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 15-09695-R (KS)                                                              Date: December 28, 2015

Title        *Monsivais v. Fox*

Release/Reduction in sentence."[5]  (ECF 2 at 4.)  Courts have universally held that Section 1361 does not increase the subject matter jurisdiction of the District Courts; Section 1361 neither provides an independent ground for jurisdiction nor overrides other grounds for dismissal predicated on jurisdictional defects.  *See Drake v. Obama*, 664 F.3d 774, 785 n.5 (9th Cir. 2011).  Moreover, a writ of mandamus requires that a petitioner have no other adequate means to attain the desired relief, show that his right to the issuance of the writ is "clear and indisputable" and that it stems from an official's obligation that is peremptory, plainly defined, and non-discretionary in nature. *Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 402-03 (1976); *see also Housley v. United States*, 1992 U.S. App. LEXIS 26368 (9th Cir. Oct. 16, 1992) (citing *United States ex rel. McLennan v. Wilbur*, 283 U.S. 414, 420 (1931)).

  The Petition does not allege any grounds sufficient to warrant mandamus relief.  "An inmate may initiate a request for consideration under . . . 3582(c)(1)(A) only when there are particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing," compassionate release is allowed if, "[*a*]*s determined by* the Director of the Bureau of Prison, there exists in the [petitioner's] case an extraordinary and compelling reason other than, or in combination with," mental illness, medical condition or incapacitation of a family care-giver.  28 C.F.R. 571.61; U.S.S.G. §1B1.13 (App. Note 1) (emphasis added).  Given the facultative language describing the BOP's authority to determine whether there is an additional extraordinary and compelling reason to warrant compassionate release, it is clear that the matter is one of discretion rather than a peremptory duty.

  Mandamus is also improper in this case because, as discussed above, Petitioner does not have a clear right to a petition for compassionate release/reduction in sentence, much less a right to have his "developing inmate programs" in prison construed as "extraordinary or compelling circumstances which could not reasonably have been foreseen by the Court at the time of sentencing." (ECF 2 at 2.)

  With respect to declaratory judgments, the Petition is defective because Petitioner did not specify any authority, statutory or otherwise, for seeking such relief.  Moreover, "[r]equests for

---

[5] Petitioner appears to conflate a request for complete and proper consideration by the BOP with a request for a favorable response from BOP in the form of a recommendation. (*See* ECF 2 at 4, 7.) Therefore, the Court construes this request as one to compel the BOP to go beyond mere consideration of Petitioner's circumstances to one seeking to compel a consideration *and* a favorable response. (ECF 2 at 7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 15-09695-R (KS)                                                              Date: December 28, 2015

Title     *Monsivais v. Fox*

declaratory judgment are not properly before the court if raised only in passing," and must be pled in accordance with the Federal Rules of Civil Procedure. *Arizona v. City of Tucson*, 761 F.3d 1005, 1010 (9th Cir. 2014). To the extent that Petitioner's habeas petition can be properly construed as an action seeking declaratory relief pursuant to The Declaratory Judgment Act, codified at 28 U.S.C. §§ 2201, 2202, that statute is procedural in nature and cannot serve as a basis for federal court jurisdiction. *Skelly Oil Co. v. Phillips Petrol. Co.* 339 U.S. 667, 671 (1950); *Jarrett v. Resor*, 426 F.2d 213, 216 (9th Cir. 1970). ("[T]he Declaratory Judgment Act is not a jurisdictional statute. It does not create subject matter jurisdiction where none otherwise exists. It only creates a particular kind of remedy available in actions where the district court already has jurisdiction to entertain a suit.") Further, Petitioner may not "bypass Congress' carefully constructed system of review" of the BOP's decisions "by characterizing [his] suit as a challenge to the [BOP's] compliance with federal . . . laws rather than to the [BOP's] ultimate [decision in his case]." *Am. Bird Conservancy v. FCC*, 545 F.3d 1190, 1194-95 (9th Cir. 2008).[6]

In light of numerous defects described above, **Petitioner is ORDERED TO SHOW CAUSE on or before January 28, 2016 why the Petition should not be dismissed with prejudice** – that is, he must submit a First Amended Petition For Writ Of Habeas Corpus By A Person In State Custody that includes specific factual allegations to support a claim that the fact or duration of his confinement violates the U.S. Constitution or federal law.

**Petitioner's failure to timely show cause for proceeding with this action will result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules, Local Rule 41-1, and Rule 41 of the Federal Rules of Civil Procedure.**

If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document entitled "Notice Of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).

|  | : |
|---|---|
| **Initials of Preparer** | rh |

---

[6] Even if the Court was tasked with reviewing the relevant BOP Program Statement, the Court finds that the BOP policies contained in Program Statement 5050.49 on implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), appears wholly consistent with the federal statutes themselves. *See* BOP Program Statement 5050.49 (available at https://www.bop.gov/PublicInfo/execute/policysearch#); *see also* 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g).